**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELVIN DUMMAR,<br><br>                      Plaintiff,<br><br>vs.<br><br>WILLIAM FRANK LUMMIS and<br>FRANK WILLIAM GAY,<br><br>                      Defendant.<br><hr>MELVIN DUMMAR,<br><br>                      Plaintiff,<br><br>vs.<br><br>WILLIAM FRANK LUMMIS and<br>FRANK WILLIAM GAY,<br><br>                      Defendants. | Case No. 2:07-cv-00459-JCM-PAL<br><br>**REPORT AND RECOMMENDATION**<br><br>(P/M Death and Substitution - #32) |

This matter was submitted to the undersigned Magistrate Judge on Plaintiff Melvin Dummar's Suggestion of Death and Motion for Substitution (#32), requesting the court to compel the firm of Kummer, Kaempfer, Bonner, Renshaw & Ferrario ("Kummer Kaempfer") to disclose the addresses of Robert C. Gay and Frank William Gay II or, alternatively, to make an appearance on behalf of the Estate of Frank William Gay for the purposes of the Motion for Substitution. The court has considered Dummar's motion (#32) and defendants' opposition (#38). No reply was filed and the time for filing one has run.

/ / /

1    Dummar filed a complaint (#1) against defendants claiming fraud and violation of federal and
2 state racketeering laws (RICO) in connection with a 1976-77 probate trial in Nevada over the estate of
3 Howard Hughes. Dummar also filed a substantially identical action in Nevada state court against the
4 same defendants, which was subsequently removed to federal court and assigned case number 2:07-cv-
5 00610-RCJ-GWF. On May 31, 2007, Frank William Gay II filed a Suggestion of Death Upon the
6 Record of Frank William Gay (#12) applicable to both cases, claiming Frank William Gay had died
7 during the pendency of this action. The court then ordered (#18) the two cases consolidated. Dummar
8 filed the instant motion on September 7, 2007. In an order (#41) filed on October 3, 2007, the court
9 granted Lummis' motions dismiss (#15 in this case and #18 in 2:07-cv-00610-RCJ-GWF), dismissing
10 all of Dummar's claims against Lummis.

11    In his motion (#32), Dummar states that Frank William Gay died on May 21, 2007, and requests
12 that the court grant the relief outlined above. In response (#38), Frank William Gay II argues
13 Dummar's motion is untimely and barred by Fed. R. Civ. P. 25(a)(1) and should be denied based on the
14 arguments set forth in the Motion to Dismiss (#15). Gay II also claims that the court should exercise its
15 discretion under Rule 25(a)(1) to deny Dummar's Motion for Substitution because granting the motion
16 would not change the inevitable dismissal of all of Dummar's claims.

17    After reviewing the moving and responsive papers as well as the record, the court is persuaded
18 by Gay II's arguments. Gay II correctly argues that Dummar's motion is time-barred under Rule
19 25(a)(1). Under that rule,

20    Unless the motion for substitution is made not later than 90 days after the death is suggested
      upon the record by service of a statement of the fact of the death as provided herein for the
21    service of the motion, the action shall be dismissed as to the deceased party.

22 Fed. R. Civ. P. 25(a)(1) (emphasis added). "The motion may not be made later than 90 days after the
23 service of the statement." Fed. R. Civ. P. 25(a)(1) advisory committee note. In order to trigger the 90-
24 day period in which to file a motion to substitute an estate for a deceased party, a suggestion of death
25 must be served by the suggesting party upon a party in accordance with Rule 5 of the Fed. R. Civ. P.,
26 and upon a non-party successor or representative of the deceased party in accordance with Rule 4.
27 Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).
28 / / /

1    Because Dummar is a party, service of the Suggestion of Death (#12) upon him must comply
2 with Rule 5, which allows service to be made by "[m]ailing a copy to the last known address of the
3 person served." Fed. R. Civ. P. 5(b)(2)(B).  Gay II properly served Dummar with the Suggestion of
4 Death (#12) by mailing him a copy on May 29, 2007 (#12-2).  The 90-day period began on May 29,
5 2007 because "[s]ervice by mail is complete on mailing." Fed. R. Civ. P. 5(b)(2)(B).  However,
6 Dummar did not file his Motion to Substitute (#32) until September 7, 2007 – 101 days after Gay II
7 served him with the Suggestion of Death (#12).  Dummar's Motion to Substitute (#32) is therefore
8 barred by Rule 25, as he did not file the motion within the 90-day period required.

9    In addition, granting Dummar's motion would be futile and a waste of judicial resources
10 because all of Dummar's claims against Lummis have been dismissed, and the claims against Gay are
11 substantially the same.  In the order (#41) granting Lummis' motions to dismiss, the court dismissed
12 Dummar's federal and state RICO claims because Dummar had failed to allege a racketeering enterprise
13 as required under the RICO statutes, and because Dummar alleged facts that occurred prior to the 1983
14 cut-off date for state RICO claims.  The court also dismissed all of Dummar's claims as barred by the
15 statute of limitations and by issue and claim preclusion.

16    Even if the court were to grant Dummar's motion to substitute, the same legal reasoning for
17 dismissing Dummar's claims against Lummis would apply against Gay and his estate.  Dummar's
18 claims against Gay allege the same principal set of facts as the claims against Lummis, namely that Gay
19 and Lummis committed fraud and used wire and mail to communicate false testimony during the 1976-
20 77 probate trial in Nevada.  Since the same set of facts is alleged and the same legal claims are asserted,
21 Dummar's claims against Frank William Gay (or his estate) similarly fail to allege a racketeering
22 enterprise, are time-barred by the state RICO statute and the statute of limitations, and are barred under
23 issue and claim preclusion.  The court will therefore exercise its discretion under Rule 25 to
24 recommend that Dummar's motion for substitution be denied..  Fed. R. Civ. P. 25(a)(1) ("If a party dies
25 and the claim is not thereby extinguished, the court may order substitution of the proper parties)
26 (emphasis added); Anderson v. Yungkau, 329 U.S. 482, 485 (1947) ("substitution is not a matter of
27 right; the court 'may' order substitution but it is under no duty to do so").
28 / / /

Finally, the court finds that Dummar's request for relief that the firm of Kummer Kaempfer disclose the physical address of Robert C. Gay and Gay II, or in the alternative, to appear on behalf of the Gay's estate, is moot because the attorney for Gay's estate made an appearance at the hearing on September 11, 2007 (#39) before District Judge James C. Mahan on the motion to dismiss (#15).

Having reviewed and considered the matter, and good cause appearing,

**IT IS THEREFORE RECOMMENDED** that Dummar's Suggestion of Death and Motion for Substitution (#32) be DENIED.

Dated this 15th day of October, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE