# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN DUMMAR,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM FRANK LUMMIS and<br>FRANK WILLIAM GAY,<br><br>    Defendants. | 2:07-CV-459 JCM (PAL)<br><br>Date:    N/A<br>Time:    N/A |

**ORDER**

Presently before the court is plaintiff Melvin Dummar's (hereinafter referred to as "plaintiff") suggestion of death and motion for substitution (#32) filed September 7, 2007, and defendant Frank William Gay's (hereinafter referred to as "defendant Gay") motion to dismiss (#29) filed on September 5, 2007.

On April 7, 2007, plaintiff filed a complaint (#1) against defendants William Rice Lummis (hereinafter referred to as "defendant Lummis") and defendant Gay alleging fraud, unjust enrichment, and violations of the federal and state Racketeer Influenced and Corrupt Organizations statutes ("RICO").

Defendant Lummis is an heir entitled to one-sixteenth of the Howard Hughes estate, as well as the sole stockholder and chief executive officer of Summa Corporation, which plaintiff alleges controls the Hughes estate. Defendant Gay was the chief operating officer of Summa Corporation.

Plaintiff's claims stem from a 1978 Nevada probate action to determine the validity of a

**James C. Mahan**
**U.S. District Judge**

holographic will allegedly written by Howard Hughes, in which plaintiff contends he was given one-sixteenth of Mr. Hughes' estate, worth $156 million. The holographic will was submitted to the Clark County Probate Court, and on June 23, 1978, the court entered a judgment affirming the jury's verdict against plaintiff, finding the will to be a fake.

Plaintiff did not appeal the decision, but almost thirty years later, on June 12, 2006, filed a second suit against both defendants Lummis and Gay in the United States District Court for the District of Utah. That court dismissed plaintiff's claims with prejudice, holding that plaintiff's claims were barred by the preclusive effect of the previous Nevada judgment. Plaintiff then appealed to the Tenth Circuit, where the appeal is currently pending.

In April 2007, plaintiff filed parallel actions in the United States District Court for the District of Nevada and in the Eighth Judicial District Court in Clark County, Nevada, containing substantially identical allegations (RICO violations, fraud, and unjust enrichment). The Nevada State action contained two additional counts, one for a declaratory judgment, and a second to set aside the 1978 Nevada state probate court's judgment. Plaintiff's two state claims were removed to federal court and, on July 16, 2007, plaintiff's claims against defendants Lummis and Gay were consolidated (#18).

On May 29, 2007, defendant Gay's representative, Frank William Gay II (hereinafter referred to as "Gay II"), served a suggestion of death on plaintiff by mail. (*See* Def.'s Mot. to Dismiss, Ex. 2.) On May 31, 2007, Gay II filed the suggestion of death with the court clerk. On September 7, 2007, plaintiff filed a motion to substitute (#32) the co-executors of defendant Gay's estate, Robert C. Gay and Gay II. On September 12, 2007, Gay II filed an opposition to plaintiff's motion for substitution (#38).

On August 7, 2007, plaintiff filed a motion for default judgment (#21) against defendant Gay. On August 8, 2007, defendant Gay filed an opposition to plaintiff's motion for a default judgment (#22). On August 10, 2007, plaintiff filed his reply to defendant Gay's opposition (#24).

On September 5, 2007, defendant Gay filed a motion to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 25(a)(1) (##29, 30). On September 7, 2007, plaintiff filed an

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 opposition to Gay II's motion to dismiss (#31). On September 10, 2007, Gay II filed a reply to
2 plaintiff's response (#37).

3       On September 11, 2007, defendant Gay's counsel appeared at a hearing before the court on
4 defendant Lummis's motion to dismiss and plaintiff's motion for default judgment against defendant
5 Gay. On October 3, 2007, the court issued an order (#41) granting defendant Lummis's motion to
6 dismiss and denying plaintiff's motion for default judgment against defendant Gay (#21). The court
7 found a default judgment was inappropriate on two bases 1) the default was not entered by the clerk,
8 and 2) there was no timely substitution of the estate of defendant Gay pursuant to Federal Rule of
9 Civil Procedure 25. (*See* #41 ¶¶ 5, 7.)

10       On October 15, 2007, Magistrate Judge Leen of the United States District Court for the
11 District of Nevada issued a report and recommendation (#42), recommending plaintiff's suggestion
12 of death and motion for substitution be denied on grounds that plaintiff's motion was time-barred
13 under Federal Rule of Civil Procedure 25(a)(1). Magistrate Judge Leen's recommendation was based
14 on the following findings: 1) Gay II properly served plaintiff with the suggestion of death by mail
15 on May 29, 2007 (#12-2), and plaintiff's motion for substitution (#32) filed on September 7, 2007
16 exceeded the 90-day period Federal Rule of Civil Procedure 25(a)(1) allows for such filing; 2)
17 granting plaintiff's motion to substitute would be futile and a waste of judicial resources because
18 plaintiff's claims against Gay II, like his claims against defendant Lummis, would be barred by both
19 issue and claim preclusion due to the previous litigation in the Utah court; and 3) appearance at the
20 hearing on September 11, 2007 by counsel for Gay's estate rendered moot plaintiff's request that the
21 firm of Kummer, Kaempfer, Bonner, Renshaw & Ferrario disclose the addresses of Robert C. Gay
22 and Gay II, or appear on behalf of the Gay estate. (*See* #42 3:1-4:4.)

23       On October 31, 2007, plaintiff filed a combined reply to Gay II's opposition to plaintiff's
24 motion for substitution and objection to Magistrate Judge Leen's report and recommendation (#47).
25 In his motion, plaintiff argues he did not exceed the 90-day time frame to file a motion for
26 substitution under Federal Rule of Civil Procedure 25(a)(1) because Gay II's suggestion of death was
27 defective.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiff, citing *Barlow v. Ground*, 39 F.3d 231 (9th Cir. 1994), argues that a party to the litigation, not a non-party successor, must formally suggest the death. Plaintiff contends Gay II is not a party to the litigation because he had not intervened, and an estate for defendant Gay had not been opened at the time of the suggestion of death. If this court determines Gay II's suggestion of death was properly served and the time to file a motion to substitute expired, then plaintiff requests this court excuse his failure to do so as excusable neglect under Federal Rule of Civil Procedure 6(b).

If this court were to interpret Federal Rule of Civil Procedure 25 as plaintiff suggests, no suggestion of death could ever be filed because the <u>party</u> is deceased and his or her personal representative is not a party. Only where there were other defendants willing to acknowledge the personal representative's request could a *party* file the suggestion.

Plaintiff misconstrues *Barlow*, 39 F.3d 231, and misreads Federal Rule of Civil Procedure 25(a)(1). While *Barlow* articulates the two step process by which a suggestion of death must be made, the issue in *Barlow* was whether the defendant's service of a suggestion of death was made by the appropriate means. 39 F.3d at 233. *Barlow* did not address who can formally suggest death upon the record.

Federal Rule of Civil Procedure 25(a)(1) provides an action as to a deceased party will be dismissed unless a motion for substitution is filed within 90 days of formal suggestion of death upon the record. To trigger the 90-day limitation period for substitution, Rule 25(a)(1) requires: 1) a party formally suggest the death of the party upon the record; and 2) the suggesting party serve other parties and the deceased's non-party successors or representatives in the same manner required for a motion to substitute. Fed. R. Civ. P. 25(a)(1); *Barlow*, 39 F.3d at 233 (internal citations omitted). To be valid and trigger the 90-day limitation period for filing a motion for substitution, a suggestion of death must identify the successor or representative who may be substituted for the decedent. *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993); *Kessler v. Se. Permanente Med. Group of N.C., P.A.*, 165 F.R.D. 54, 56 (E.D.N.C. 1995); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969).

Based on the foregoing, the court agrees with Magistrate Judge Leen's findings and recommendation. Federal Rule of Civil Procedure 25(a)(1)'s 90-day limitation period was triggered

James C. Mahan
U.S. District Judge

- 4 -

on May 29, 2007, when Gay II mailed plaintiff a suggestion of death, in which he identified himself as the next of kin and representative of defendant Gay[1]. Plaintiff's motion for substitution filed on September 7, 2007—101 days after Gay II served him with the suggestion of death—exceeded the 90-day limitation period. Accordingly, plaintiff's case against defendant Gay should be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

The court denies plaintiff's request to determine his failure to comply with Federal Rule of Civil Procedure 25 excusable neglect pursuant to Federal Rule of Civil Procedure 6(b). As Magistrate Judge Leen correctly noted, allowing plaintiff's claims to go forward would be an exercise in futility and waste of judicial resources because plaintiff's claims against defendant Gay are substantially the same as those against defendant Lummis, which the court dismissed as barred by issue and claim preclusion. (*See* #42 3:9-24.)

Defendant Gay's request for monetary sanctions and attorneys' fees does not comply with the requirements of Local Rule 54-16. Moreover, the court finds no bad faith on the part of either plaintiff or plaintiff's counsel and does not believe, as Gay II argues, that this case warrants the imposition of such sanctions.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Leen's report and recommendation (#42) is AFFIRMED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Gay's motion to dismiss (#29) be, and the same hereby is, GRANTED without leave to amend.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Gay's request for monetary sanctions (#47) is DENIED.

DATED this 26th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "[S]ervice by mail is complete on mailing." Fed. R. Civ. P. 5(b)(2)(C).

**James C. Mahan**
**U.S. District Judge**